UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
.........................
JOSE D. LARA,             :
        Plaintiff,        :
                          :
                          :
Vs.                       :       CASE No._____
                          :
MICHAEL CORSINI,          :       03-12574 RCL
        Defendant.        :
                          :
.........................:
```

PLAINTIFF MEMORANDUM OF LAW IN SUPPORT
FOR HIS PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254

---

Now comes the Plaintiff Jose D. Lara, acting pro-se and pursuant to 28 USC § 2254, he declared that his present sentence and confinement are illigally obtained in violation of the Constitution and laws of the United States.

This is a case in which there was no evidence being presented against the Plaintiff, jury instructions were indeed unconstitutional because didn't tell the jury that the prosecution must prove all crucial elements of guilt beyond a reasonable doubt, and didn't tell the jury that the prosecution must overcome a presumption of innocence in order to convict thge Plaintiff.(See Reed v. Ross, 468 U.S. 1, 3,-5, 104 S. Ct.

2901, 2903, 82 L. Ed. 2d 1 (1984). O'Neal v. McAninch, 115 S. Ct. 992, 130 L. Ed. 2d 947 (1995). Estelle v. McGuire, 502 U.S. 62, 73 n.4, 112 S. Ct. 475, 482 n.4 116 L. Ed. 2d 385 (1991).

Errors occurred during trial that made Plaintif's trial fundamentally unfair in violation of the 14th Amendment. The Court record did not support a finding of guiolt beyond a reasonable doubt in violatoion of Plaintiff's due process as it is stablished on the 5th Amendment of the United States Constitution, and violation of Sixth Amendment as well.

## ISSUES PRESENTED

A) .Whether the judge erred by denying the Plaintiff's motion for a required finding of not guilty where no drugs were found on him, no hand to hand exchange occurred and Plaintiff's actions do not rise level of participation of a conventurer.

B) .Whether the Plaintiff is entitled to a reversal of his conviction because of numerous and serious questions about the veracity and inconsistency of the testimony of the police officers. Even the agregious omissions of the entire police investigation on the Jury Instructions.

## STATEMENT OF THE CASE

Suffolk Superior Court indictment No. 99-10421-22 was returned on April 14, 1999 charging that Mr. Jose D. Lara (Plaintiff) and Mr. Juan Paradez ("co-defendant") on March 10, 1999, did traffic in cocaine by unlawfully, knowingly and intentionally possessing with intent to distribute a net weight of 20-100 grams in violation of G.L. c. 94C, §31.

On January 24, 2001, after trial by jury, Mulligan,J. presiding, a verdict of guilt was returned against the Plaintiff on the single count. Plaintiff was sentenced on to a minimum of 5 years to a maximum of 6 years.(TR 2-206).

Notice of appeal of the verdict was timely filed on January 3, 2002. the case was entered in Court on January 29, 2002. The case was extebded by request of Plaintiff's counsel, and on August 1, 2003, the Appeals Court affirmed the judgment of the lower court.

Further Appellate Review was filed on August 11, 2003 and Denied on October 3, 2003. The Plaintiff is currently incarcerated at the Bay State Correctional Center in Norfolk, Massachusetts

## STATEMENT OF FACTS

On March 10, 1999, Mr. Lara and his co-defendant Paredes were seen to leave 50 Archhdale street in Boston,. Mr. Lara entered a Chevrolet Celebrity, variously described by the officers as red, gold, or brown. Mr. Paredes went on foot to the Arnold Arboretum nearby.

According to Police testimony, a couple of inches of snow had freshly fallen in the area. Mr. Lara (the plaintiff) was seen to drive slowly up Washington Street and make a U-Turn. -- Mr. Paredes then entered the Arboretum on foot and Mr. Lara followed shortly thereafter. At some point, Mr. Paredes left Mr. Lara and went off into the woods. When they rejoined, Mr. Paredes was seen to run as if catching a football.

They were stopped by officers and detained while Detective O'Sullivan went into the woods and found 42 bags of cocaine near where Mr. Paredes was seen to walk in the woods. None of the officers had seen Mr. Paredes bury anything near the tree. (or), seen the Plaintiff in any exchange of hands or around the tree in question.

A single trail of foot prints led to the tree and officers testified that the prints were a match for Mr.Paredes sheakers.

However, although many photos were taken of the scene, none were taken of the foot prints or of Mr. Paredes' sneakers. Both were arrested immediately after the contraband was located.

Mr. Paredes had a pager, $87.00 ans a small steak knife in his pocket when arrested. Mr. Lara had a $50.00 and a pair of latex gloves of the sort that can be bought in a store. No drug residue was found on the gloves in Mr. Lara's pocket. Although the vehicle in which Mr. Lara had been riding was searched, no contraband was found inside.

Mr. Paredes had no digging implements on him when arrested or was any evidence presented that his hands were wet or cold or that he had brushed himself off. The recovered drugs were never seen in either of the defendant's hands and no drugs were found on either defendant. Neither defendant tried to run when stopped by the officers.

Case 1:03-cv-12574-NMG    Document 7    Filed 12/23/2003    Page 6 of 11
-6-

## ARGUMENT

The Jury at the Plaintiff's trial did not have any evidence that linked the co-defendant or him into the crime. In particular the only name mentioned at all time is Mr. Paredes, but because of the trial was together the Jury made the asumption that the Plaintiff was also guilty of the crime.

**The judge erred by denying Plaintiff's motion for a required finding of not guilty where no drugs were found on either defendant, no hand to hand exchange occurred and defendant's actions do not rise to the level of participation required of a coventurer.**

A rational juror could not find that the Commonwealth had shown that codefendant Paredes had a possessor interest in the contraband. In order to establish a possessory interest in contraband, the Commonwealth must show that the Plaintiff had knowledge of the contraband, the ability to exercise dominion and control over it. Here, however, none of the officers had seen the Plaintiff or his co-defendant Paredes bury anything near the tree.

Further, no digging implements of any sort were found on the Plaintif's co-defendant when he was arrested. The co-defendant was not seen to brush or dust himself off.
No drugs were ever found on either defendant or the codefendant nor were the recovered drugs ever seen in either of the defendant's hands.

The Federal government and the State has a clear understanding

that when there is an issue of constructive possession, the Commonwealth must prove that there was an intention to exercise control over the contraband in question. "Possession implies 'control and power,' .... exclusive or joint..., in the case of 'constructive possession,' knowledge coupled with the ability and intention to exercise dominion and control." Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989). This State Ruling, is not well apply in this case and it is a violation of Plaintiff Constitutional Rights.

The recoveryed drugs were never seen in either persons, or never seen in either of the defendant's hands. Accordingly, absent a jury finding that Mr. Parodes had a possessory interest in the contraband, the jury could not convict Mr. Lara the Plaintiff at bar on a theory of joint venture.

The fact of the matter is that there was no evidence presented that the Plaintiff or his co-defendant had contructive possession of the drugs. - The Judge further erred by refusing to give jury instructions properly and timely requested by Plaintiff's counsel regarding "mere presence" at the scene.

The mere presence of Jose Lara at or near the scene of the alleged crime and the failure to take steps to prevent it are simply circumstances alone, that the crime charged in the indictment was committed by the Plaintiff. The judge, instead, gave the following instructions on mere presence: Mere presence at the scene is insufficient. Even

presence coupled with knowledge that another intended to commit the crime is not sufficient to convict on a theory of joint venture. The Commonwealth must prove that more than mere association with perpetrator of the crime, whether before or after its commission, must show more than a failure to take appropriate steps to prevent the commission of the crime.

**The Plaintiff's guarantee to a fair trial, was violated, the governement must prove all crucial elements of guilt beyond a reasonable doubt, and didn't tell the jury that prosecution must overcome a presumption of innocence.**

The entire case against the Plaintiff rested solely on the theory of joint venture as Plaintiff was not found with any contraband or residue on his person and no contraband was found in the car he was driving. - The only thing that the Plaintiff did was to drive up to the park and walk. "no sale was consummated at all."

**Whether the Plaintiff is entitled to a reversal of his conviction because of numerous and serious questions about the veracity and inconsistency of the testimony of the police officers. Even the agregious omissions of the entire police investigation on the jury instructions.**

This Court has ruled that it is the duty of the judge, upon request for instructions on an important issue in the case, to give some instruction thereon. Here, the Plaintiff requested a jury instructions regarding the omiissions in the police investigation, e.g., the failure

to take photographs of the co-defendant's sneakers, the failure to take photographs of footprints in the snow and the failure to remove the sneaker from the co-defendant's foot. This request was categorically denied, without explanation, by the judge.

Multiple photographs were taken of the Arboretum entrance and of the foot path and one even submitted of the tree in question itself. Hoever, no such photos were taken of the sneakers on Mr. Paredes or the foot prints leading to the tree where the contraband was found.

Although concededly police have no constitutional duty to perform any particular test in a criminal investigation. Defense counsel may argue to the jury that the failure to preserve material evidence or perform probative tests should result in an adverse inference against the Commonwealth. See **Arizona v. Youngblood**, 488 U.S. 51 (1988). **(potential violation of Due Process Clause of Fourteenth Amendment when police fail to preserve evidence which could have been subjected to test).**

Without such probative evidence, defendants were deprived of their Sixth Amendment rights under the federal constitution to cross examine effectively. - Indeed, the State Supreme Court has held that in such a case, it is actually error to caution the jury against drawing any inferences from the absence of such evidence Comm. v. Person, 400 Mass. 136, 140 (1987). Commonwealth v. Gilmore, 399 Mass. 741, 745 (1987). Such omissions in the investigation by law enforcement

authorities were egregious as such evidence was potentially exculpatory for both defendants. This violates the strictures of Article 12 of the Massachusetts Declaration of Rights which requires the production of all favorable proofs. While the judge is not required to instruct the jury that they may draw an inference against the Commonwealth for failure of the Police to perform probative tests, nonetheless, the Appeals Court has observed in many other cases that it is frequently "preferable for the judge to inform the jurors that the evidence of police omission could create a reasonable doubt". Commonwealth v. Reid, 29 Mass. App. Ct. 537, 540-41 (1990).

The entire Commonwealth case rests, in essence, upon finding the foot prints in the snow allegedly matching Mr. paredes's sneakers although no photos were taken of either the footprints or the sneakers. All of this depends on the veracity of the officer's testimony regarding "freshly fallen snow" of a couple of inches in depth. **The weather reports from March 7 to March 10, 1999, however, reveal that there was no freshly fallen snow in the Boston area.**

Second, the story the officers told about only a single trail of foot prints leading to the tree where the contraband was located defied logic. After all, at least one additional set of foot prints necessarily must have been present of the officer who went to the tree to recover the contraband.

Third, the officers repeated made errors in their testimony regarding the color of the Celebrity Mr. Lara was alleged to have driven. At various times, the officers refer to it as red, gold and even brown. If the officers had been engaged in ongoing surveillance of the car for five months as they alleged, they should have been well aware of its color. Such repeated errors cast serious doubt on the veracity of their testimony.

Fourth, Plaintiff contends that the U-turn he was alleged to have made was impossible to execute at the point on Washington Street the prosecutor claimed. Also, that the prosecutor used photographs to convince the jury of this act that were taken long after the date of the arrest.

Lastly, Mr. Paredes was apparently under a restraining order to stay 200 yards away from 50 Archdale Street. This accounts for the activity of "looking around" while he was within that distance from the building. However, once he entered the park, this behavior ceased. For these reasons, Plaintiff contends his conviction should be reversed and overturned for a lack of evidence.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Application for a writ of HABEAS CORPUS should be granted.

Respectfully submitted,

JOSE D. Lara  /s/ José David Lara
Bay State Correctional Center
P.O. Box 73
Norfolk, Massachusetts 02056

DATED: November 12, 2003