UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE D. LARA,<br><br>　　　　Petitioner,<br><br>v.<br><br>MICHAEL CORSINI,<br><br>　　　　Respondent. | Civil Action No. 03-12574-RCL |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Michael Corsini, through counsel, answers the numbered paragraphs of the petition for writ of habeas corpus as follows:

1. Respondent admits that the petitioner's conviction was in the Superior Court for Suffolk County. Further answering, the respondent states that the correct current address for the Suffolk County Superior Court is United States Post Office and Courthouse, 8th Floor, 90 Devonshire Street, Boston, Massachusetts 02109.

2. Denied. Further answering, the respondent states that the date of the judgment of conviction under attack is January 24, 2001.

3. The respondent admits that the petitioner was sentenced to serve a term of no fewer than five (5) years and no more than six (6) years.

4. Admitted.

5. Admitted.

6. Admitted.

7. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

8. Admitted.

9(a). The respondent admits that the petitioner appealed his conviction to the Massachusetts Appeals Court, and that the docket number of this appeal was 2002-P-156. To the extent that paragraph 9(a) states any additional allegations of fact, the respondent denies same.

9(b). Admitted.

9(c). The respondent admits that the decision of the Massachusetts Appeals Court with respect to the petitioner's appeal was dated August 1, 2003. Further answering, the respondent states that the citation for the Appeals Court's decision is *Commonwealth v. Jose Lara* 58 Mass. App. Ct. 915 (2003). A copy of this decision is attached to the supplemental answer, filed herewith.

9(d). Denied. Further answering, the respondent states that the issues raised in the petitioner's brief to the Massachusetts Appeals Court were (1) whether the court erred in denying the petitioner's motion for a required finding of not guilty in light of the evidence; (2) whether the trial judge erred in refusing to give the petitioner's requested jury instructions regarding the police investigation; (3) whether the trial judge erred in refusing to give the petitioner's requested jury instructions regarding presence at the crime scene; and (4) whether the petitioner was entitled to a reversal of his conviction because of questions about the veracity of testimony of

police officers.

9(e)(1). Admitted.

9(e)(2). Admitted.

9(e)(3). The respondent admits that the decision of the Massachusetts Supreme Judicial Court with respect to the petitioner's application for leave to seek further appellate review was dated October 3, 2003. Further answering, the respondent states that the citation for the Supreme Judicial Court's decision is *Commonwealth v. Jose Lara* 440 Mass. 1104 (2003)(table). A copy of this decision is attached to the supplemental answer, filed herewith.

9(e)(4). Denied. Further answering, the respondent states that the issues raised in the petitioner's brief to the Massachusetts Supreme Judicial Court were (1) whether the court erred in denying the petitioner's motion for a required finding of not guilty in light of the evidence; (2) whether the trial judge erred in refusing to give the petitioner's requested jury instructions regarding the police investigation; (3) whether the trial judge erred in refusing to give the petitioner's requested jury instructions regarding presence at the crime scene; and (4) whether the petitioner was entitled to a reversal of his conviction because of questions about the veracity of testimony of police officers.

9(f). Admitted.

10. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

11(a). Left blank by the petitioner.

11(b). Admitted.

3

11(c-d). Left blank by the petitioner.

12. The respondent admits that the grounds set forth in paragraph 12 of the petition for a writ of habeas corpus are the grounds on which the petitioner seeks relief. The respondent denied each and every allegation of fact contained in paragraph 12 of the petition for a writ of habeas corpus. To the extent that paragraph 12 of the petition for a writ of habeas corpus contains conclusions of law, they require no response. Further answering, the respondent states that paragraph 12 of the petition for a writ of habeas corpus does not state a claim upon which relief may be granted.

13. Paragraph 13 of the petition for a writ of habeas corpus states a legal conclusion to which no reply is necessary.

14. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

15. Admitted.

16. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

17. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent files herewith a Supplemental Answer, which contains copies of the following documents:

1. Docket Sheet, *Commonwealth v. Jose Lara*, Suffolk County Superior Court Criminal Action No. 1999-10421;

2. Brief and Record Appendix for the Defendant-Appellant, *Commonwealth v. Jose Lara*, Massachusetts Appeals Court No. 2002-P-156;

3. Brief for the Commonwealth, *Commonwealth v. Jose Lara*, Massachusetts Appeals Court No. 2002-P-156;

4. *Commonwealth v. Jose Lara*, 58 Mass. App. Ct. 915 (2003);

5. Application for Further Appellate Review of the Defendant-Appellant, *Commonwealth v. Jose Lara*, Supreme Judicial Court; and

6. *Commonwealth v. Jose Lara*, 440 Mass. 1104 (2003)(table).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: March 5, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Jose D. Lara, on March 5, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Jose D. Lara, Bay State Correctional Center, P.O. Box 73, Norfolk, Massachusetts 02056.

*Maura D. McLaughlin*
Maura D. McLaughlin