UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------
                          *
JOSE D. LARA              *
                          *
        Petitioner,       *
                          *
                          *
v.                        *        Civil Action #03-12574-RLC
                          *
                          *
MICHAEL CORSINI,          *
                          *
        Respondent.       *
                          *
                          *
------------------------------
```

### PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MEMORANDUM OF LAW FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

The petitioner hereby submits this memorandum in opposition to the respondent's memorandum of law. The petitioner standby his original claims that was stated on his hebeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner present sentence and confinement are illegally obtained. This is a case in which there was no evidence being presented against him, only the fact of a crime, but no link at all to this petitioner.

The jury instructions were indeed unconstitutional because the Court did not tell the juty that the prosecution must prove all crucial elements of guilt beyong a reasonable doubt, and didn't tell the jury that the prosecution must

- 1 -

overcome a presumption of innocence in order to convict
the petitioner.(See <u>Reed</u> v. <u>Ross</u>, 468 U.S. 1, 3.-5, 104
S. Ct. 2901, 2903, 82 L. Ed. 2d 1 (1984). <u>O'Neal</u> v.
<u>McAninch</u>, 115 S. Ct. 992, 130 L. Ed. 2d 947 (1995).
<u>Estelle</u> v. <u>McGuire</u>, 502 U.S. 62, 73 n.4, 112 S. Ct. 475,
482 n.4  116 L. Ed. 2d 385 (1991).

Petitioner's trial transcripts are very clear at the
disposal of this court. Serious errors occurred during
trial that made petitioner's trial fundamentally unfair
in violation of the 14th Amendment. The <u>Court Record</u> did
not support a finding of guilt beyond a reasonable doubt in
violation of petitioner's due process as it is stablished
on the 5th and 6th Amendment of the United States
Constitution.

Most recently the Massachusetts Supreme Court over-
turned the conviction of <u>Commonwealth</u> v. <u>Gus Swafford</u>,
SJC-08889 (and six companion cases(1)). As to Swafford, the
judgment are affirmed. As to companion Gittens, the judgment
are reversed, the verdict are set aside, and the cases are
remanded to the Superior Court for the entry of judgments
for Gittens. - This case was conected to a gang of indivi-
duals the Theodore Street Posse and Mr. Gittens was a member,
there was more evidence of witness at trial on that case than
of the petitioners at bar.

- 2 -

The Supreme Court did not evaluated petitioner's case
under the same rules of law as Mr. Gittens. "Taken as a
whole, the evidence does not support Gitten's convictions
beyond a reasonable doubt."The SJC further stated that
"the Commonwealth established that Gittens had a motive to
commit the shooting, and that he could have been the driver,
but motive and possibility alone do not establish beyond a
reasonable doubt that he was in the driver's seat. The infe-
rential leaps that the Commonwealth asks are too great.
Accord Commonwealth v. Mandile, 403 Mass. 93, 94 (1988),
quoting Commonwealth v. Ferguson, 384 Mass. 13, 18 (1981)
("No[]...conviction [may] rest upon the piling of inference
upon inference or conjecture and speculation"). Because we
conclude that Gitten's convictions must be reversed for
insufficient evidence, we do not reach the remainder of
his claims".

The rules of laws on Gitten's case never was apply
equally and properly on petitioner case.

## STATEMENT OF FACTS

On March 10, 1999, Mr. Lara and his co-defendant
Paredes were seen to leave 50 Archdale street in Boston,.
Mr. Lara the petitioner on this case entered a Chevrolet
Celebrity, variously at court described by the officers as

red, gold, or brown. Mr. Paredes went on foot to the
Arnold Arboretum nearby. According to Police testimony,
a couple on inches of snow had freshly fallen in the area.
The petitioner was seen to drive slowly up Washington St.,
and make a U-Turn. -- Mr. Paredes then entered the Arbore-
tum on foot and the Petitioner followed shortly thereafter.
At some point, Mr. Paredes left the petitioner and went off
into the woods. When they rejoined, Mr. Paredes was seen to
run as if catching a football.

They were stoppen by officers and detained while
Detective O'Sullivan went into the woods and found 42 bags
of cocaine near where Mr. Paredes was seen to walk in the
woods. None of the officers had seen Mr. Paredes bury
anything near the tree. (or), seen Mr. Lara in any exchange
of hands or around the tree in question.

A single trail of foot prints led to the tree and
officers testified that the prints were a match for
Mr. Paredes sneakers. However, although many photos were
taken of the scene, none were taken of the foot prints or
of Mr. Parede's sneakers. Both were arrested immediately
after the contraband was located.

- 4 -

Mr. Paredes had a pager, $87.00 and a small steak knife in his pocket when arrested. The petitioner had a $50,00 and a pair of latex gloves of the sort that can be bought in a store. No drugs or drug residue was found on the gloves in petitioner's pocket. Although the vehicle in which petitioner had been riding was searched, no contraband was found inside.

Mr. Paredes had no digging implements on him when arrested or was any evidence presented that his hands were wet or cold or that he had brushed himself off. The recovered drugs were never seen in either of the defendant's hands and no drugs were found on either defendant. Neither defendant tried to run when stoppen by the officers, in fact at firs both defendants were stopped and detainer before the officers find the drugs in the Arnold Arboretum. The officers were profiling the defendants, they don't realy know for a fact that those defendants have drugs when their were stoped by the police.

- 5 -

## **ARGUMENT**

The jury at the petitioner's trial did not have any
evidence that linked the co-defendant or him into the
crime. In particular the only name mentioned at all the
time is Mr. Paredes, but because of the trial was toge-
ther the Jury made the asumption that the petitioner was
also guilty of the crime by being associated or being
around the area where the drugs was found.

In reference to the respondent's claims, this
petitioner further explain that, this court have jurisdiction
and does not place a new constraint on the power of a federal
habeas court to grant a state petitioner's application for
a writ of habeas corpus. The Antiterrorism and Effective
Death Penalty Act (AEDPA") allows the federal court to
review the state prisoners appeals with respect to claims
that has merits and the state court denied the equal protec-
tions of the laws.

The petitioner seek reversal "on the law" on grounds
of legal insufficiency. The evidence presented by the
prosecution was not sufficient to prove all the necessary
elements of the crime of which petitioner were convicted.
(See, e.g., people v. Graham, 36 N.Y. 2d 663, 331 N.E. 2d
673, 370 N.Y. 2d 888 (1975)) Equal to the laws of Reed
v. Ross, 468 U.S. 1, 3.-5, 104 S. Ct. 2901 (1984).

- 6 -

The respondent further explain that the petitioner should not have access to his federal habeas corpus, indicating that "as the Supreme Court recently reiterated AEDPA requires **a highly deferential standard for evaluating state-court rulings** ...which demands that state court decisions be given the benefit of the doubt".

At the petitioner's trial, the judge erred by denying his motion for a required finding of not guilty where no drugs were found on either defendant, no hand to hand exchange occurred and defendant's actions do not rise to the level of participation required of a coventurer. Even when the defendants was detainer, there was not probable cause to hold them for questioning.

a rational juror could not find that the Commonwealth had shown that codefendant Paredes had a possessor interest in the contraband. In order to establish a possessor interest in contraband, the Commonwealth must show that the petitioner had knowledge of the contraband, the ability to exercise dominion and control over it. - Here, however, none of the officers had seen the petitioner or his co-defendant Paredes bury anything near the tree. Further no diggin implements of any sort were found on the petitioner's co-defendant when he was arrested. The co-defendant

- 7 -

was not seen to brush or dust himself off. No drugs were ever found on either defendant or co-defendant's hands.

The federal and State government has a clear understanding that when is an issue of constructive possession, the Commonwealth must prove that there was an intention to exercise control over the contraband in question. "Possession implies 'control and power',.... exclusive or joint..., in the case of 'constructive possession,' knowledge coupled with the ability and intention to exercise dominion and control.' Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989). This ruling at the State level is not well apply in this case and it is a violation of petitioner constitutional rights, how can the respondent now claims that the federal government give the state court the benefit of the doubt.??

The respondent further claim that "before a habeas corpus can be reviewing a claim of insufficient evidence under 28 U.S.C. §2254(d)(1) is not to sit as another appellate court and conduct an analysis under Jackson v. Virginia, 443 U.S. 307 (1979) by taking a hard look at the record," United States v. Czubinski, 106 F. 3rd 1069, 1073 (1st Cir. 1997), as if the trial had occurred in the federal district court".

- 8 -

The state is asking the federal governement to allow the government to do anything in the name of the law. The case at bar applied the regular standar in any case in which 'an unreasonable determination of the facts in light of the evidence presented in state court proceeding" under 28 U.S.C. §2254(d)(2). See Torres, 223 F 3rd at 1108(reasonableness standards under §2254(d)(1) and (d)(2) are not the same, because there are several issues different from interpretation.

There was serious questions about the veracity and inconsistency of the testimony of the police officers. The government must prove all crucial elements of guilt beyond a reasonable doubt, and didn't tell the jury that prosecution must overcome a presumption of innocence.

There was a great failure to preserve material evidence or perform probative tests should result in an adverse inference against the Commonwealth' argument. See Arizona v. Youngblood, 488 U.S. 51 (1988). (Potential violation of Due Process Clause of Fourteenth Amendment when police fail tp preserve evidence which could have been subject to test).

- 9 -

The evidence presented at trial was sufficient to support a theory, it was not sufficient to support a jury's finding the petitioner guilty of trafficking in cocaine on the theories of constructive possession and joint ventury. There was a circunstancial evidence to create a theory of suspicion, but that is the case of today's racial problems, Racial profiling on individuals and even the State Supreme Court have declared the State Court of being bias against minorities. (See report of SJC-1994-1995).

The petitioner claims meet the standard set forth in <u>Arizona</u>, 488 U.S. at 57 and 58.

## CONCLUSION

For the foregoing reasons, and the reasons that was stated on petitioner original Memorandum of Law, the petitioner request that this Court deny the respondent's Opposition and allow the petitioner petition for a writ of hebeas in the interest of justice pursuant to 28 U.S.C. § 1631.

Respectfully submitted,

DATED: April 12,2004

Jose D. Lara, <u>pro se</u>
Bay State Correctional Ctr.
P.O. Box 73
Norfolk, Mass. 02056

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the Respondent's Attorney, Att. Maura D. McLaughlin, Office of the Attorney General Thomas F. Reilly, One Ashburton Place, Boston, Massachusetts 02108.

The package was deposited at the prison mail-box by first-class mail, postage prepaid at the above-address.

DATED: April 12, 2004

*Jose Dallid Sara*
Jose D. Lara

Signed under the penalties of perjury this 12 day of April, 2004.

*Jose Dallid Sara*
Jose D. Lara

- 11 -